UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA MARIA PACHECO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:23-cv-01508-WBS-CDB (SS)<br><br>ORDER ON STIPULATION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 24) |

　　Pending before the Court is the stipulated request of Plaintiff Linda Maria Pacheco ("Plaintiff") for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. 24).  Plaintiff requests an award of attorney's fees in the amount of $6,250.00 to counsel for Plaintiff, Jonathan O. Peña.  *Id*.

　　On June 26, 2024, the parties filed a stipulation for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 22).  That same day, the Court issued an order granting the parties' request for voluntary remand, and judgment was entered in favor of Plaintiff against the Commissioner of Social Security ("Commissioner" or "Defendant").  (Docs. 22-23).

　　On September 25, 2024, the parties filed the pending stipulated request for attorney fees.  (Doc. 24).  In the parties' stipulated request, Plaintiff requests an award of attorney fees as the prevailing party.  *Id*.; *see Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a

1 party who prevails in a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing
2 party). Plaintiff's request is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

3       The EAJA provides for an award of attorney fees to private litigants who both prevail in
4 civil actions (other than tort) against the United States and timely file a petition for fees. 28
5 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing
6 party unless it finds the government's position was "substantially justified or that special
7 circumstances make such an award unjust." *Id*. Here, the government did not show its position
8 was substantially justified and the Court finds there are no special circumstances that would
9 make an award unjust. Moreover, the government does not oppose Plaintiff's stipulated
10 request. *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal.
11 Jan. 23, 2018) (finding position of the government was not substantially justified in view of the
12 Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL
13 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

14       Having determined that Plaintiff is eligible for EAJA fees, the Court must determine what
15 fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). Plaintiff requests an
16 award of $6,250.00. (Doc. 24). Counsel for Plaintiff has provided an itemization of the hours
17 worked on this case (26.5 hours) and requests the statutory maximum hourly rates authorized
18 by the EAJA for 2023-24 ($244.62). (Doc. 28-2); *see Thangaraja v. Gonzales*, 428 F.3d 870,
19 876-77 (9th Cir. 2005).[1] The Court has reviewed the docket and finds this request reasonable
20 and commensurate with the number of hours an attorney reasonably would need to have spent
21 reviewing the certified administrative record in this case (1,370 pages) and preparing a motion
22 for summary judgment raising two issues for review. (Docs. 11, 17). With respect to the
23 results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for
24 further administrative proceedings. (Docs. 22-23).

25       EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury
26 Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the

27

28     [1] Statutory Maximum Rates Under the Equal Access to Justice, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited October 1, 2024).

Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's stipulated request for the award of attorney's fees pursuant to EAJA (Doc. 24) is GRANTED;

2. The Commissioner is directed to pay Plaintiff as the prevailing party attorney fees in the amount of $6,250.00. Unless any offsets are applied under TOP, the government shall make payment of the fees to Plaintiff's counsel Jonathan O. Peña in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulation.

Dated: October 4, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE